The next case today is Jose Pedro Santos Faria Barros v. Merrick B. Garland, Appeal Number 21-1335. Attorney Perez, please introduce yourself for the record and proceed with your argument. Good morning, Your Honor. May it please the court, I am Manuel R. Pedes and I represent the petitioner Jose Pedro Santos Faria Barros in this matter and I am respectfully requesting the opportunity to present written ballot. Yes. Thank you. How much time do you need? Two minutes would suffice, Your Honor. Alright. To begin, Your Honor, I'd like to present arguments as to why this case is properly before this court and why this court's holding in the case of Menghua Wan is not applicable. First of all, the issue presented before this court is exhausted. The BIA was presented with a designation of the applicable standard of review on direct appeal. The first page of the petitioner's brief to the BIA presented the applicable standard of review as the de novo standard. And this, as the court knows, is for all questions of law, discretion, and judgment on all other issues and appeals from decisions of immigration judges. But presenting the BIA with the applicable standard and the BIA not following the applicable standard are two different issues. So what Meng was trying to get at is that that distinction allows the case to go back before the BIA to challenge their application of clear air. In other words, if you believe that they didn't, if they made independent factual findings and thus did not review the factual findings for clear air, Meng says you go back before the BIA to say you didn't do it right. Your Honor, in this particular case, the issue is whether or not the BIA applied the correct standard. Now, where that is the sole issue before this court, it becomes important whether or not that standard was actually presented or which is the issue presented below. In our brief to the BIA, we specifically delineated this is the standard that is to be used, the de novo standard. Although the BIA correctly cites the de novo standard as the standard it utilized to reach its decision, the petitioners of the opinion that in fact the BIA did not follow the de novo standard and in fact created additional facts, facts that materially changed those of the immigration judge which should have been left undisturbed in utilizing the de novo standard. Now, because the argument is... Well, it's not that they shouldn't be left undisturbed. It's whether the BIA found that in making those factual determinations, the IJ clearly aired. That's how it reviews factual findings. That is correct, Your Honor, and the BIA decision is clear that the BIA did not utilize that particular standard. In fact, the decision states on its face in the first page that the BIA upon use of the de novo standard reaches conclusion, and that is the crux of our argument. I want to understand. There's an issue about Mangua I and how this case relates to Mangua I. I just want to bracket that for one second to make sure I understand what arguments you made to us. I had understood you to be making two arguments to us in your brief. One is that they relied, and they're related to each other, one is that they relied on the de novo standard rather than the clear air standard. But I thought implicit in that contention is that you win under the clear air standard. In other words, there's no way to find that the BIA did not clearly air here. Is that wrong? If I understand Your Honor's question, I would say yes, because the BIA is required to utilize the standard. Let me ask you this way. If we disagreed with you that that reference to de novo review requires us to conclude that they applied de novo rather than the clear air standard to the factual question at issue, we disagreed with you about that. Could you still win? I had read your brief to say you still could because the BIA still clearly aired. Is that wrong? I would say that is wrong, because if it is understood by this court that the BIA properly applied the de novo standard. No, no, no, no, no, no. Your contention is that clear air standard applies to this factual finding. You contend they actually applied de novo review to that finding, and you base that on the fact that they referenced the de novo standard but not the clear air standard. If we were to disagree with your conclusion that the mere fact that they referenced the de novo standard means that that's the standard they applied to this factual finding, could you still win? Your conclusion, I thought your brief said you still could because even under the clear air standard, the BIA aired. Are you not making that second argument? No, we did not make that argument that even under the clear air standard, we would win. We don't know what would happen if the clear air... The consequence of you saying they're not making that argument is that if I were to disagree with you that the BIA's opinion must be read to have applied the de novo standard to this factual finding, then your petition is going to be denied. Whereas if you're making both arguments, you might have it be granted. Well, if under the clearly erroneous standard, the BIA took a look at this case once again, petitioner is of the opinion that, in fact, we would win, actually. I'm now understanding the court's questions here. We would win. Petitioner would win because that standard, given the factual findings and given the findings of the judge, would be highly in favor of the petitioner because the facts, as were found by the judge, didn't seem to be the type of facts that one would view as clearly erroneous or out of the realm of possibility. So I take it you're saying, just correct me if I'm wrong, because this is how I read your brief. I read your brief to be saying that the BIA should have applied a clearly erroneous standard to the factual findings of the IJ. In making its own factual findings, it at least implicitly rejected the IJ's findings, in other words, saying that they were clearly erroneous. We can review whether the BIA did that correctly and it did so incorrectly. In your view, this is an exhausted claim because you pointed out to the BIA what the appropriate standard of review was and that we don't need to worry about Meng Wah. Han, is that your argument, or have I missed some piece of it? That is my argument. Okay. the factual finding that the IJ did make. Is that right? That is correct in my view, the factual finding, substituting its own facts for those of the IJ. The petitioner in Ming also didn't do what you did, which is, in its petition to the BIA, didn't point out that clearly erroneous was the correct standard. So you're saying that too differentiates your case from Ming. That is correct. That is also another point of distinction between the instant case and Ming. Now, were we to proceed to the actual decision of the BIA, we find that the way that the decision is written, there's multiple examples of where findings of the IJ were materially changed. As an example, and before I get to that, I do want to make it perfectly clear that the petitioner understands that this court has no jurisdiction to re-weigh factors of equity. But again, a re-weighing could only occur if there had been a weighing of the factor at all, and we're respectfully submitting that some factors not only were changed, but were not weighed at all. So despite the precise words of the judge that the court finds repeated in her oral decision, the BIA assessed factors and supplemented them or replaced them, finding a de novo standard, re-characterizing them without examining them for clear error. So, in this case, we see... What remedy are you seeking? We're seeking that this matter be remanded to the BIA for a decision consistent with its application of the appropriate standard of review. So if it gets back to the BIA, and the BIA accepts the factual findings of the IJ, but weighs them differently, then what? Then that would be the outcome of that case, because we're not asking that... We're not suggesting how the BIA is to weigh. We want the BIA to weigh the facts as found by the IJ. In our argument today, petitioners presenting that the BIA did not weigh the facts as presented by the IJ, the factual findings of the IJ, because they materially changed them. Now, as an example, the BIA discussed petitioners' negative factors, focusing narrowly on its criminal record, and stated specifically, Now, the description of a criminal history being largely as a consequence of drug use is significant because it contradicts the IJ's finding of facts, where a petitioner testified that his entire criminal history was related to his drug addiction. Now, this is very significant because there's a salient difference between the term largely and all or completely, where an individual engages in criminal behavior completely... Did the IJ find it was all or completely? Yes, Your Honor. The IJ accepted the petitioner's... the respondent's testimony as findings of facts, and in the respondent's or petitioner's statement and testimony at the removal hearing, he indicated that all of his... The father. The father. With respect to the finding about whether the father would suffer hardship, there the IJ specifically found that he would, and I thought you were contending that the BIA then re-characterized that as he might or may. That is correct, and that is a critical... not that the petitioner is suggesting that this court re-weighs any of the facts or evidence, but where the BIA states that the father may suffer some hardship, this is totally in conflict with the IJ's finding that... Now, just in light of your answer to Judge Howard a minute ago, I take it that on remand then, the remand would require the BIA, if it were to do any re-weighing, to re-weigh it based on the understanding that the father would suffer the hardship, not just that he may. That is correct, and to reject that, the BIA would have to use a clearly erroneous standard, which it did not, and we're suggesting that if this case were to be remanded... I'm sorry, our brief states that this matter should be remanded because there was an inappropriate standard applied. I know that. I'm saying, I thought you answered Judge Howard a minute ago by saying that's so, but also that under the clearly erroneous standard, the finding by the BIA was clearly erroneous, given what the IJ had found, and that the remand would simply be for the re-weighing of the factors on the understanding that the IJ's fact stands, which is that the father would be suffering hardship. The BIA still would have work to do, it would have to re-weigh based on that factual record. That's different than just remanding for the BIA to figure out whether the father would suffer hardship or not. That would leave open for it to reject the IJ's finding. I thought your brief was making both contention. That is correct. I think we have your argument, counsel. We've gone considerably over time, so we're going to leave it there for now, although you've reserved some time for rebuttal if you need it. If you would mute your audio and video from Mr. Saenz. Please proceed, counsel. Good morning. May it please the court. Rodolfo Saenz for the U.S. Attorney General. I may like to begin by just clarifying the government's position on this case. It should dismiss in whole the petition or alternatively dismiss in part and deny in part. This case is all about a discretionary denial of cancellation of removal, and it can be reduced to a petitioner's challenge to a three-member board panel's evaluation of one factor, hardship, in relation to others. As such, this court lacks jurisdiction. Should this court determine that it otherwise has jurisdiction to review the challenge, however construed, the claim would not succeed on the merits. And finally, with respect to exhaustion, it is generally not our position that petitioners must exhaust claims, board error, and motions to reconsider, but should this court determine that the petitioner's challenge raises such a claim of impermissible fact-finding, it would appear that one does apply. What are we supposed to do with Ming? Yes. Well, should this court construe the challenge that is being raised as one that is claiming that the board engaged in impermissible fact-finding, then one would apply under the exhaustion holding in that case, simply because there was no motion to reconsider that was timely filed with the board at the time of our… You think Ming Wong was wrong? No, Your Honor. I thought you said that the Attorney General generally does not think that you should have to seek review through a petition for review. Correct, Your Honor. But you're suggesting Ming Wong holds the opposite of that, no? Ming Wong holds that in order to exhaust impermissible fact-finding, there must be a timely motion to reconsider. Does the court agree that that is the right thing, that that normally has to be exhausted through a petition for review? Well, there's a circuit split, so what is your position? It's still a novel issue for us. We would not take a position necessarily on where this court should go. We don't need to actually reach that issue because of the discretionary… But we thought we did need to reach it. The government doesn't have a view as to whether its own regulations and its own procedures for exhaustion require the exhaustion, Your Honor. Our position in this case would be that the court is bound by one. No, but do you have a position as to whether Ming Wong is correct? Should we go en banc and overturn it? Does the Attorney General think that non-citizens, to exhaust their claims, have to file petitions for review? Generally, that is not our position. And why is that? Why is that generally not your position? We normally observe exhaustion for the traditional parameters of issue exhaustion, so if it was not considered or addressed below by the board, then that would be the sort of circumstance that we would present exhaustion affirmatively. Here, there's that tangential requirement of a motion to reconsider, which for us is a different circumstance. So in your view, in this case, the issue actually was exhausted to the BIA? No, Your Honor. So the petitioner's position is because the correct legal standard was pointed out to the BIA, that that was sufficient to exhaust the standard of review they were to use, which seems to be at odds with Ming. Right, because under Ming, there has to be a timely motion to reconsider. But your position as the Department of Justice is that generally shouldn't be required. What generally? I'm sorry. I'm quoting your brief. You say generally you should not have to seek a petition for review when the issue you just said has been exhausted. That suggests to me you think the issue was exhausted, so therefore you shouldn't have to seek a petition for review, but Ming Hua, you read the whole opposite. Am I getting it right? In our view, under Ming, it was not exhausted because there was no timely motion to reconsider. I know that. What I'm asking is, do you think Ming was wrong in that regard? I think our position would be not to take a position on where this court should go at this time. And I don't, I don't, we also do not believe that this court needs to reach Ming Hua. Well, should we find that you waived it? Waived a Ming argument? Maybe because we have a duty to determine whether we have jurisdiction, and Ming clearly seems to make it a jurisdictional issue. So in terms of our self-policing, we're really struggling trying to figure out what to do with Ming. And it would be helpful if your department gave us some guidance. We're declining to take a position on how a petitioner's claim can be construed, because we believe it can be construed as a challenge to a discretionary finding. Let me just ask you this. I understand that in this case. Your petitions, your filing to us starts with the statement that the Attorney General generally does not think that you should have to file a petition for review to exhaust. Correct. So in a case, not this case, in a case in which there was a challenge to impermissible fact finding, to the BIA, is it your view that you should not have to file a petition for review to exhaust that? In this case, the court is bound by one, absent exceptional circumstances, which have not been presented here. So at this time, although we generally do not take that position, we believe that there was no exhaustion under Ming, and that Ming controls. Well, they're arguing that the BIA engaged in impermissible fact finding. And one example is the finding of extreme hardship to the father versus maybe a hardship. They're saying that that's changing the facts as the IJ saw them. Therefore, they didn't use a clearly erroneous standard of review. And if you'd used the wrong standard of review, that's a legal issue that we would ordinarily have jurisdiction over. Our position would be, although that the claim is framed as a legal challenge and does challenge the wrong standard or the A standard here, at bottom, it rests on the premise that the agency is changing something, whether it's facts, as he calls it, or a way of an evaluation of a factor, the application of a discretionary. Well, could you just use that example and tell me, is that changing a fact? Here, there was no changing of a fact. No, using that example, extreme hardship versus there may be a hardship. Is that changing the factual finding? No, Your Honor, because if you just look at that one sentence of the board, it does not cite to any evidence. It does not apply a standard about hardship. It's merely considering evidence of hardship, which is what is required under matter of CBT. And then the board goes on to say in the very next sentence that the ultimate consideration is whether a grant of relief would be in the best interest of the United States. Counsel, before you get to that ultimate question, isn't there an intermediate step? And that is, so you've got raw facts about whether there's a hardship or not, raw facts about whether it's extreme or not, but the IJ's predictive factual conclusion that would suffer extreme hardship, that is quite traditionally, we consider that a factual finding, subject to clear error review. The BIA here makes a different finding. It finds that may suffer some hardship. The way I read that is the way I thought the petitioner was arguing, that the BIA made a determination that there was clear error. And we have to decide whether it was correct in that determination that it was clear error. I don't see where impermissible fact finding is actually even present in this case. It seems like a very straightforward, exhausted claim to me. Where am I wrong in my thinking? You believe that it's a straightforward exhaustion claim? Exhausted claim that is ripe for review by us. The claim being that the BIA did not appropriately apply the clear error standard when it found that the IJ's finding of extreme hardship, factual finding of extreme hardship was unsupportable. Where am I wrong in my reading it that way? First, Your Honor, there's no evidence that clear error standard of review was adopted. As opposing counsel noted, the de novo standard was cited. Then, with respect to his contention that hardship was somehow changed. But they're bound, the BIA is bound by the IJ's factual findings unless they're clearly erroneous. Here there was a factual finding that there would be suffering of extreme hardship. That's not a factual finding, Your Honor. That's an evaluation of hardship and the strength thereof based on the evidence in the record. Why wouldn't the right way to think about that be that there's a difference between the probability of something that qualifies as hardship occurring, which would be factual, and the evaluation of something being hardship, which might be legal? I think a helpful distinction is actually present in the Swabby v. Yates case that I cited, or I'm sorry, the Twum case. In that case, it was dealing with a different relief application, but it discussed the Gittau case, which is 878 F3-429. And it explained that there's a distinction between the application of legal standards and the application of discretionary standards. Here, that's exactly what we're dealing with. No, no. You've added two categories. I have a third category, which is a factual finding. The probability of a hardship occurring, why isn't that factual? How likely is it, a conceded hardship, how likely is it that it will occur? Why isn't that just a purely factual finding? Well, because here there's no… there was no application of a standard as to the facts in the case. There was just a simple disagreement with how much the hardship mattered in relation to other factors. There's no change as to the probability of something happening in the future. So, if we read it to be a change in the probability, you concede that would be a factual finding? Change in facts? No, Your Honor, because we're in the discretionary context. We're not in the legal standard context. Counsel, I think we're going to leave it there. We're over time, so thank you. You may mute your audio and video. Thank you, Your Honor. Mr. Pierce, you have reserved a couple of minutes. Thank you, Your Honor. Yes. Most respectfully, it is clear that the BIA materially changed facts, but for the time factor, I would have presented at least two other scenarios. Do it now. For instance, the BIA states that my petitioner's record is largely due to his criminal addiction, where it was found that it was 100% due to his criminal addiction. Weighing those facts, you see that they're not weighing the facts. Those facts say different things. If an individual's criminal history is 100% due to drug addiction, that person is an addict engaging in criminal activities. If an individual's criminal record is only largely due to criminal history, then that person is an addict and just a criminal. Because he engages in criminal history, but unrelated to his addiction. So here we have two individuals that can be viewed differently, and that's a change in the factual description of that individual. Further, there's one additional example. If I may just have one second. The BIA states in its decision that the petitioner has made some efforts at rehabilitation. This flies in the face of the IJ's finding where the IJ concluded that he was clean and sober. Clean and sober at the time he was picked up by ICE. An individual that is clean and sober is rehabilitated. An individual who has made some efforts at rehabilitation still needs additional rehabilitation. And again, that is another fact finding engaged in by the BIA that is non-predictable under the de novo standard. In addition, just to sum up, the BIA was placed on notice. So the issue is exhausted. The BIA was placed on notice at the outset in petitioner's brief, indicating that that case was to be evaluated under the de novo standard. And I believe the government has repeatedly indicated that the BIA did not utilize the clear error standard. And therefore, the wrong standard of review was applied in this case should it be remanded. Thank you, counsel. Thank you, your honors. That concludes argument in this case. Attorney Perez and attorney Saenz, you should disconnect from the hearing at this time.